IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARON BRUNT, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| COOK COUNTY SHERIFF DEPUTIES ) | Magistrate |
| PEARSON (Star # 18930) and COLLAZO, ) | |
| SHERIFF TOM DART and COOK ) | JURY DEMAND |
| COUNTY, ) | |
| ) | |
| Defendants. | |

## COMPLAINT

**NOW COMES** the Plaintiff, KARON BRUNT, Jon Erickson, complaining against the Defendants Cook County Sheriff Deputies PEARSON and COLLAZO, COOK COUNTY SHERIFF TOM DART and the COUNTY OF COOK, as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

### THE PARTIES

4. At all relevant times, Karon Burnt was a pre-trial detainee of the Cook County Jail and a resident of Chicago in the Northern District of Illinois.

5. Defendant Cook County, Illinois ("Cook County"), is a body politic and corporate

situated in the Northern District of Illinois. It is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). The Cook County Sheriff's Office and CCDOC are departments of Cook County.

6. Defendant Sheriff Thomas Dart ("Sheriff Dart") is the Sheriff of Cook County and is sued in his official capacity.

7. Defendant Correctional Officer Pearson (Defendant Pearson) and Defendant Officer Collazo ("Defendant Collazo"), is a duly appointed and sworn CCDOC correctional officer and an employee of Sheriff Dart. At all times relevant to this Complaint, Officers Pearson and Collazo were acting within the scope of his employment with Sheriff Dart and under the color of law.

## FACTS

8. Upon information, video cameras inside the tier recorded many of the events relevant to this incident.

9. On May 18, 2024, at approximately 0900 – 1500 hrs., Defendant Pearson was assigned to Division 9, tier 3F at the Cook County Jail.

10. When Defendant Pearson took over the tier, there was a blanket covering/blocking the view to the shower area.

11. Defendant Pearson did not remove the blanket covering the shower entryway and never took it down.

12. Between 0917 and 0927 hours, Defendant Pearson, in non-compliance with CCDOC policy, allowed multiple inmates out of their cells.

13. At 0925 hours, Defendant Pearson unlocked Plaintiff's cell and let Plaintiff out of his cell.

14. After creating the opportunity for the released inmates to attack of Plaintiff, Defendant Pearson sat by in the "bubble" or inter-lock area.

15. Plaintiff had informed Defendant Pearson that "he [Brunt] was in harm's way." Specifically, Plaintiff told Defendant Pearson that on prior occasions, other inmates had entered Plaintiff's cell to steal Plaintiff's personal items.

16. Plaintiff told Defendant Pearson several times that he felt unsafe and feared attack. He told Defendant Pearson that some inmates were using physical violence to extort money from inmates, and that he needs to get back into his cell for his own safety.

17. Defendant Pearson knew that on previous occasions, on Teir 3F, Division 9, inmates used physical violence to extort money from inmates using sheriff issued tablets and CashApp.

18. As Plaintiff waited near the inter-lock door to the tier, and continued to ask Defendant Pearson for help, Defendant Pearson closed the interlock door in Plaintiff's face.

19. At 1153 hours, overhead cameras show Plaintiff entering the shower area.

20. Fourteen seconds later, CCDOC inmate Rayshon Sullivan is seen pushing Plaintiff back into the shower area and out of view.

21. Once blocked from view by the blanket, Rayshon Sullivan and multiple other inmates put a blanket over Plaintiff's head and shoved him into a nearby bathroom/shower.

22. While in the shower area, the inmates tied up his legs with a sheet and beat him using sheriff-issued tablets and stabbed him in the legs, back, arms with a shank.

23. During this time, Plaintiff was screaming for help. Defendant Pearson, who was still in the interlock – a short distance away, did not respond in anyway.

24. The inmates stripped Plaintiff of his pants and used a lotion bottle to anally penetrate Plaintiff and choked him to unconsciousness.

25. At no time did Defendant Pearson intervene or otherwise act to protect Plaintiff from the ongoing violence, including a failure to call for or secure backup; Defendant Pearson stood "look-out" while the inmates attacked and raped Plaintiff.

26. The inmates demanded that Plaintiff use a tablet to contact his mother to transfer $350 to their account, using Cash App.

27. Plaintiff's mother completed the transaction, and Plaintiff remained tied-up in the bathroom until he was able to get himself free and began to wipe the blood from his face and head.

28. Plaintiff then called for Defendant Pearson, by name, while still in the bathroom.

29. Defendant Pearson was the sole "keyholder" on Tier 3F.

30. At 1234 hours and while Plaintiff remained in the bathroom, Defendant Pearson unlocked the patio door without re-locking it, in direct violation of orders.

31. At 1235, CCDOC inmate Kesean Reese asked Defendant Pearson unlocked Plaintiff's cell and allow Kesean Resse to enter; Defendant Pearson complied.

32. At 1252, Plaintiff exited the bathroom with a towel covering his head.

33. After exiting the bathroom, Plaintiff had obvious injuries including, but not limited, to bleeding from the head and various stab wounds, a swollen face, limping and using a towel to stop the bleeding.

34. Defendant Pearson then let Kesean Reese out of Plaintiff's cell. Reese walked past Defendant Pearson carrying multiple items belonging to Plaintiff and put them in his own cell.

35. Defendant Pearson facilitated and allowed Inmate Kesean Reese to steal Plaintiff's belongings.

36. At this time, Plaintiff repeatedly told Defendant Pearson that he required medical attention.

37. Defendant Pearson ignored all of Plaintiff's requests for medical attention and put Plaintiff into his cell.

38. At approximately 5:00 p.m., Defendant Deputy Sheriff Collazo arrived on Teir 3F and began letting inmates out of their cells.

39. Deputy Collazo refused Plaintiff's requests for medical attention despite Plaintiff's obvious injuries, including but not limited to bleeding from his head, swollen face, multiple stab wounds and his using a towel to stop the bleeding from his head.

40. Plaintiff used a tablet to contact his attorney, who then contacted the jail to get medical attention for Plaintiff.

41. At 1720 hours, Lt. Rocco, Star # 677, was informed by Sgt. Stalf, Star # 15325, of Plaintiff's attorney's request for immediate medical attention.

42. Plaintiff was escorted to Div. 9 dispensary for a medical check.

43. RN Meyers called 911 for blunt head trauma and multiple puncture wounds about his body.

44. Plaintiff received medical attention at Cermak/Stroger and Mt. Sanai Hospital.

45. Plaintiff has exhausted the grievance process, including exhausting his appeals.

46. The matter was referred to the Cook County Sheriff's Office of Professional Review.

## COUNT I – 14th Amendment Due Process
## 42 U.S.C. §1983

47. Plaintiff hereby incorporates all previous paragraphs as fully set forth herein.

48. Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution

49. Defendant Pearson was on notice of substantial and actual risk of serious harm to Plaintiff.

50. Defendant Pearson disregarded that risk by failing to take reasonable steps to address it.

51. Defendants Pearson was objectively unreasonable in failing to protect Plaintiff from the actual risk of serious harm.

52. Defendant Pearson was objectively unreasonable in failing to intervene in any way to Protect Plaintiff from the on-going attack on Plaintiff.

53. Defendant Banks was deliberately indifferent to Plaintiff's risk of serious harm, which resulted in serious injury to Plaintiff.

54. The actions of Defendants Pearson and Collazo, as set forth hereto, constitute deliberate indifference to Plaintiff's serious and obvious medical needs.

55. Said actions of Defendants Pearson and Collazo were intentional, willful and wanton and/or committed with reckless indifference and disregard for Karon Brunt's.

56. Said actions of Defendant Pearson and Collazo were objectively unreasonable under the circumstances.

57. As a direct and proximate consequence of the conduct of Defendants Pearson and Collazo, Karon Brunt suffered serious injuries and violations of his constitutional rights.

 **WHEREFORE**, the Plaintiff prays for judgment against Defendant Pearson and Collazo for an award of reasonable compensatory and punitive damages, attorneys' fees and costs and any further relief that this Honorable Court deems just and equitable.

### COUNT II – Conspiracy to Violate Civil Rights

58. Plaintiff hereby incorporates all previous paragraphs as fully set forth herein.

59. Defendant Pearson reached an agreement with multiple inmates of the Cook County Jail, including but not limited to Rayshon Sullivan, Mathew Johnson and Keason Reese to deprive Plaintiff of his rights secured by the 14th Amendment as described above.

60. At least one overt act was committed by Defendant Pearson, including but limited to, allowing the blanket to block the view of the attack and take Plaintiff hostage.

61. As a direct and proximate cause of Defendant Pearson's conspiracy, Plaintiff suffered physical injury, psychological trauma, humiliation, and emotional distress and deprivation of his constitutional rights.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Pearson for an award of reasonable compensatory and punitive damages, attorneys' fees and costs and any further relief that this Honorable Court deems just and equitable.

### COUNT III – *Monell,* Defendant Sheriff Thomas Dart

62. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

63. For a long time preceding the incident described in this Complaint, Defendant Sheriff Thomas Dart has been aware of a widespread, deeply entrenched pattern in Division 9 of the Cook County Jail, whereby inmates are routinely taken hostage by other inmates in

the shower areas—areas intentionally or recklessly left unsupervised by correctional staff.

64. During these incidents, assailant inmates forcibly detain other inmates—often naked and vulnerable—within the shower stalls. The attackers demand that the victims contact family members and coerce those family members into electronically sending ransom payments (via CashApp,) to avoid physical harm or continued detention.

65. These hostage-ransom events are not isolated. They have occurred repeatedly over a period of years, with video evidence, inmate grievances, staff reports, and external complaints putting the Cook County Sheriff's Office and policymakers on clear notice.

66. Despite this actual and constructive knowledge, Defendant Dart has failed to take reasonable and obvious steps to correct the dangerous conditions in Division 9, including but not limited to:

   a. Failing to station staff in positions to monitor the inmates entering and exiting showers;

   b. Failing to implement scheduling, movement, or pairing rules to reduce inmate-on-inmate predation; and

   c. Failing to discipline or retrain staff who have ignored or enabled such hostage incidents.

67. The persistence of this pattern—combined with Defendant Dart's deliberate indifference in addressing it—demonstrates the existence of an unconstitutional policy, custom, or practice, or in the alternative, a systemic failure to train and supervise jail staff, all of which amounts to a Monell violation under 42 U.S.C. § 1983.

68. As a direct and proximate result of this policy or custom, Plaintiff suffered physical injury, psychological trauma, humiliation, and emotional distress after being taken hostage in the Division 9 shower and used as a tool to extort money from his family members.

69. Defendant Dart is the final policy maker for the Cook County Jail is liable for the constitutional violations described herein under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

   **WHEREFORE**, Plaintiff asks that this Honorable Court:

   a. Enter judgment against Defendant Dart,

   b. Award Plaintiff compensatory and punitive damages,

   c. Award attorneys' fees and costs, and

   d. Award any further relief that this Honorable Court deems just and equitable.

## COUNT III – 745 ILCS 10/9-10

70. The acts of Defendants Pearson and Collazo described in the above claim were willful and wanton and committed in the scope of employment.

71. The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of Defendant Cook County.

72. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

   **WHEREFORE**, should any of the individual Defendants be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant County be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon Erickson

Erickson Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, Illinois 60606
Telephone: (773) 875-4646
Email: jonEricksonLaw@gmail.com